UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL CASE NO: 05-81-DLB

Eastern District of Kentucky
**FILED**

**MAY 1 3 2005**

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

JAMES THOMPSON,                                    **PETITIONER,**

**V.**

JAMES MORGAN, Warden,                              **RESPONDENT.**

### REPORT & RECOMMENDATION

Petitioner James Thompson, an inmate at the Northpoint Training Center in Burgin,

Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Consistent with local practice, the matter has been referred the undersigned for initial

consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I. Preliminary Review**

Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides for

preliminary review by the court prior to serving the respondent with a copy of the motion and

requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the

petition...that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." Preliminary review by this court mandates

dismissal of the petition without requiring a formal response to be filed, because the petition

is clearly time-barred.

**II. Applicable Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only

one-year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. §2244(d).

The statute generally begins to run from "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. §2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2). Although the statute of limitations is an affirmative defense, it is appropriate for trial courts to review the issue upon preliminary review. *Scott v. Collins,* 286 F.3d 923, 927-28 (6th Cir. 2002)(holding that district courts are permitted to raise the statutory bar upon initial review, prior to the filing of a response by the Respondent).

In this case, the petitioner challenges a February 9, 1997 judgment and conviction for robbery and for persistent felony offender.[1]  Petitioner's conviction was affirmed on direct appeal on June 17, 1999. Ninety days later, on September 16, 1999, the conviction became "final" for purposes of the one-year statute of limitations pursuant to §2244. *See Abela v. Martin,* 348 F.3d 164, 172 (6th Cir. 2003)(holding that conviction does not become final until following the conclusion of the ninety-day period in which a defendant may file a petition for certiorari in the United States Supreme Court). Therefore, the one-year limitations period began to run on September 17, 1999 and continued to run until April 4, 2000, the date on which petitioner filed his first state post-conviction motion under Ky RCr 11.42. At that point, 198 days of the 365 day statutory period had elapsed. Petitioner's state post-conviction motion served to toll the federal statute of limitations while proceedings were pending. Petitioner appealed the initial denial of his state post-conviction motion to the Kentucky Court of Appeals,

---

[1]Petitioner was convicted of the robbery charge after a jury trial, but pleaded guilty to the PFO charge.

2

which vacated and remanded on November 2, 2001. The trial court denied the motion again and state post-conviction proceedings continued until the Kentucky Supreme Court denied discretionary review on September 16, 2004. On September 17, 2004, the limitations period began to run again, and continued to run until May 2, 2005, when petitioner filed the instant federal petition. The additional 255 days, when added to the previously elapsed 198 days, far exceeds the 365 days which a petitioner is allotted to timely file a petition pursuant to 28 U.S.C. §2254.

### III. Conclusion and Recommendation

As the petition is clearly time-barred, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus [DE #1] be **denied** and that this case be dismissed without the necessity of requiring the Respondent to file a written response.

**OBJECTIONS** to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule Fed. R. Civ. P. 72(b).

3

This 13 day of May, 2005.



Signed By:

**J. Gregory Wehrman**

**United States Magistrate Judge**